**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (249203)
ak@kazlg.com
Matthew M. Loker, Esq. (279939)
ml@kazlg.com
Elizabeth Wagner, Esq. (317098)
elizabeth@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (225557)
josh@westcoastlitigation.com
2221 Camino Del Rio South, Ste. 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

**LAW OFFICE OF DANIEL G. SHAY**
Daniel G. Shay, Esq. (250548)
danielshay@tcpafdcpa.com
409 Camino Del Rio South, Suite 101B
San Diego, CA 92108
Telephone: (619) 222-7249
Facsimile: (866) 431-3292

*Attorneys for Plaintiff*,
Guillermo Aviles

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO AVILES, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiff,<br><br>v.<br><br>OCWEN LOAN SERVICING, LLC,<br><br>Defendant. | Case No.: '18CV1749 JLS NLS<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE § 1788, ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

---

Case No.:                                                    *Aviles, et al. v. Ocwen Loan Servicing, LLC*
**CLASS ACTION COMPLAINT**

# INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq, to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. Similarly, the California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.[1]

3. Plaintiff GUILLERMO AVILES ("Plaintiff"), through Plaintiff's attorneys, brings this action to challenge the actions of Defendant OCWEN LOAN SERVICING, LLC ("Defendant") with regard to attempts by Defendant to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

---

[1] Cal. Civ. Code §§ 1788.1 (a)-(b)

Case No.:  1 of 11  *Aviles, et al. v. Ocwen Loan Servicing, LLC*
**CLASS ACTION COMPLAINT**

4. Plaintiff make these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

5. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

6. Unless otherwise stated, all the conduct engaged in by Defendant took place in California.

7. Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

8. Unless otherwise indicated, the use of Defendant's names in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant' named.

## JURISDICTION AND VENUE

9. This action arises out of Defendant's violations of the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("RFDCPA").

10. Jurisdiction is proper under 28 U.S.C. § 1332(d)(2) because Plaintiff, a resident of the State of California, seeks relief on behalf of a California class, which will result in at least one class member belonging to a different state than that of Defendant, a company with its principal place of business in the State of Florida and State of Incorporation in the State of Delaware.

11. Plaintiff also seeks the greater of statutory damages of $1,000 per violation pursuant to the RFDCPA, which, when aggregated among a proposed class number in the tens of thousands, exceeds the $5,000,000 threshold for federal court jurisdiction.

12. Therefore, both diversity jurisdiction and the damages threshold under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

13. Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in the County of San Diego, State of California which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) Defendant conducted business within this judicial district at all times relevant.

## PARTIES

14. Plaintiff is a natural person who resides in the City of San Diego, County of San Diego in the State of California, from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

15. Defendant, in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), and is therefore a "debt collector" as that term is defined by California Civil Code § 1788.2(c).

16. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

17. This consumer debt for Plaintiff's mortgage was incurred as the result of a "consumer credit transaction" as that term is defined by Cal. Civ. Code § 1788.2(e).

## FACTUAL ALLEGATIONS

18. At all times relevant, Plaintiff is an individual residing within the County of San Diego, in the State of California.

19. Plaintiff is informed and believes, and thereon alleges, that at all times relevant, Defendant conducted business in the State of California.

20. Plaintiff is informed and believes, and thereon alleges that Plaintiff incurred financial obligations for the financing of Plaintiff's personal mortgage to Defendant, that were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and were therefore "debt(s)" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

21. Sometime thereafter, Defendant alleges that Plaintiff allegedly fell behind on the payments allegedly owed on the alleged debt.

22. In this regard, Defendant initiated telephonic and written communications to Plaintiff in order to collect Plaintiff's debt.

23. On November 29, 2017, Defendant sent Plaintiff a collection letter entitled Notice of Default.

24. Therein, Defendant's November 29, 2017 collection letter repeatedly referenced foreclosure proceedings and threatened to increase Plaintiff's obligations due to attorney's fees and costs as well as acceleration of the entirety of Plaintiff's mortgage obligations.

25. Plaintiff was unable to make any payments following the receipt of Defendant's November 29, 2017 collection letter.
26. On December 27, 2017, Defendant sent Plaintiff another collection letter entitled Notice of Default.
27. Likewise, Defendant's December 27, 2017 collection letter repeatedly referenced foreclosure proceedings and threatened to increase Plaintiff's obligations due to attorney's fees and costs as well as acceleration of the entirety of Plaintiff's mortgage obligations.
28. Plaintiff was unable to make any payments following the receipt of Defendant's December 27, 2017 collection letter.
29. Defendant deceptively titled these written communications a "Notice of Default" which created a false sense of urgency for Plaintiff and the putative class members.
30. California law sets out detailed instructions for initiating a foreclosure.
31. To initiate the foreclosure process in California, Defendant must first file for record, in the office of the recorder of each county where the property is located, a Notice of Default.
32. Both Federal and California State law confirm that filing a Notice of Default with the County Recorder initiates a foreclosure.
33. The use of "Notice of Default" on Defendant's written communications falsely implies that Defendant had initiated the foreclosure process.
34. At no point prior to sending the November 29, 2017 written communication did Defendant initiate the foreclosure process.
35. At no point prior to sending the December 27, 2017 written communication has Defendant initiated the foreclosure process.

36. At no point after sending these written communications did Defendant initiate the foreclosure process.
37. Defendant's written communications at issue herein were each an attempt to collect Plaintiff's debt prior to initiating the foreclosure process.
38. The tone of Defendant's written communications was one of intimidation and was intended to unfairly effect collection of Plaintiff's debt.
39. Said written communications were also designed to instill the belief that dire consequences as the result of the loss of Plaintiff's home would occur if Plaintiff did not make payment to Defendant.
40. Through this conduct, Defendant created a false sense of urgency in violation of 15 U.S.C. § 1692d which prohibits Defendant from engaging in conduct the natural consequence of which is to harass, oppress and abuse Plaintiff in connection with Plaintiff's alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant violated Cal. Civ. Code § 1788.17.
41. Through this conduct, Defendant violated 15 U.S.C. § 1692e by using false, deceptive and misleading representations in connection with the collection of Plaintiff's alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant violated Cal. Civ. Code § 1788.17.
42. Through this conduct, Defendant violated 15 U.S.C. § 1692e(5) by threatening to take actions that Defendant did not intend to take in connection with the collection of Plaintiff's alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant violated Cal. Civ. Code § 1788.17.

43. Through this conduct, Defendant violated 15 U.S.C. § 1692e(10) by using false representations and deceptive means to collect Plaintiff's alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant violated Cal. Civ. Code § 1788.17.

44. Through this conduct, Defendant violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect Plaintiff's alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant violated Cal. Civ. Code § 1788.17.

45. Through this conduct, Defendant violated 15 U.S.C. § 1692f(1) by seeking to collect monies from Plaintiff neither authorized by Plaintiff's agreement with Defendant nor permitted by law. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant violated Cal. Civ. Code § 1788.17.

46. Through this conduct, Defendant violated 15 U.S.C. § 1692f(6) by threatening to take nonjudicial action to effect dispossession of Plaintiff's property without the legal right to do so. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant violated Cal. Civ. Code § 1788.17.

## CLASS ACTION

47. Plaintiff bring this class action on behalf of himself, and on behalf of all others similarly situated.

48. Plaintiff defines "the Class" as:
    (i) all persons with addresses within the State of California; (ii) who were sent one or more collection letter(s) by Defendant; (iii) to recover a consumer debt; (iv) entitled Notice of Default; (v) when a Notice of Default was not filed with the County Recorder (vi) which was not returned undeliverable by the United States Postal Service; (vii) at any time one year prior to the date of the filing of this Action.

49. The proposed Class excludes current and former officers and directors of Defendant, members of the immediate families of the officers and directors of Defendant, Defendant's legal representatives, heirs, successors, assigns, and any entity in which it has or has had a controlling interest, and the judicial officer to whom this lawsuit is assigned.

50. Plaintiff does not know the exact number of persons in the Class, but believes them to be in the tens of thousands, making joinder of all these actions impracticable.

51. The identity of the individual members is ascertainable through Defendant and/or Defendant's agents' records or by public notice.

52. There is a well-defined community of interest in the questions of law and fact involved affecting the members of the Class. The questions of law and fact common to the Class predominate over questions affecting only individual class members, and include, but are not limited to, the following:

    a) Whether Defendant violated the RFDCPA as described herein;
    b) Whether members of the Class are entitled to the remedies under the RFDCPA;
    c) Whether Defendant filed a Notice of Default with the applicable County Recorders;
    d) Whether members of the Class are entitled to statutory damages under the RFDCPA;
    e) Whether members of the Class are entitled to actual damages under the RFDCPA;
    f) Whether members of the Class are entitled to an award of reasonable attorneys' fees and costs of suit pursuant to the RFDPCA;

g) Whether Defendant may satisfy Defendant's affirmative defense of bona fide error with regard to Defendant's violation of the RFDCPA.

53. Plaintiff will fairly and adequately protect the interest of the Class.

54. Plaintiff has retained counsel experienced in consumer class action litigation and in handling claims involving unlawful debt collection practices.

55. Plaintiff's claims are typical of the claims of the Class, which all arise from the same operative facts involving unlawful collection practices.

56. A class action is a superior method for the fair and efficient adjudication of this controversy.

57. Class-wide damages are essential to induce Defendant to comply with the federal and State laws alleged in the Complaint.

58. The interests of class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action under the RFDCPA is $1,000 per statute. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims, e.g., securities fraud.

59. Defendant has acted on grounds generally applicable to the classes, thereby making appropriate final declaratory relief with respect to the class as a whole.

60. Plaintiff contemplates providing notice to the putative class members by direct mail in the form of a postcard-type notice and via Internet website.

61. Plaintiff request certification of a class for monetary damages.

///
///
///
///
///

## CAUSES OF ACTION

### COUNT I

### VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

### Cal. Civ. Code §§ 1788-1788.32 (RFDCPA)

### [AGAINST DEFENDANT]

62. Plaintiff incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

63. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

64. As a result of each and every violation of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorneys' fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendant.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff pray that judgment be entered against Defendant for:

- That this action be certified as a class action on behalf of The Class;
- Plaintiff be appointed as representatives of the Class and designating Plaintiff's counsel as counsel for the Class;
- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1788.30(a);
- An award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b);
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c);
- Any and all other relief the Court deems just and proper.

## TRIAL BY JURY

65. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: July 30, 2018

**KAZEROUNI LAW GROUP, APC**

By: ___/s/ Matthew M. Loker___
    MATTHEW M. LOKER, ESQ.
    ATTORNEYS FOR PLAINTIFF